1   ARIEL E. STERN, ESQ.
    Nevada Bar No. 8276
2   STEVEN G. SHEVORSKI, ESQ.
    Nevada Bar No. 8256
3   AKERMAN SENTERFITT LLP
    400 South Fourth Street, Suite 450
4   Las Vegas, Nevada 89101
    Telephone:    (702) 634-5000
5   Facsimile:    (702) 380-8572
    Email: ariel.stern@akerman.com
6   Email: steven.shevorski@akerman.com

7   *Attorneys for Defendant*
    *Bank of America, N.A. as successor by*
8   *merger to BAC Home Loans Servicing, LP,*
    *formerly known as Countrywide Home*
9   *Loans Servicing L.P.*

10

                    **UNITED STATES DISTRICT COURT**

11

                         **DISTRICT OF NEVADA**

12

13  PATRICIA ANN LARMER,                      Case No: 3:11-cv-00569-RCJ-VPC

14                         Plaintiff,

15  vs.                                       **MOTION TO DISMISS FOR FAILURE**
                                              **TO STATE A CLAIM AND EXPUNGE**
16  SIERRA PACIFIC MORTGAGE COMPANY,          **LIS PENDENS**
    INC; GREENHEAD INVESTMENTS, INC.; A
17  CALIFORNIA CORPORATION; THE
    COOPER CASTLE LAW FIRM, LLP, A
18  NEVADA LIMITED LIABILITY
    PARTNERSHIP; COUNTRYWIDE HOME
19  LOANS SERVICING, L.P.; SHANNON
    WHITE; and DOES 1-25 CORPORATIONS,
20  DOES and ROES 1-25 Individuals, Partnerships,
    or anyone claiming any interest to the property
21  described in the action,

22                         Defendants.

23          Defendant Bank of America, N.A. ("Bank of America"), as successor by merger to BAC

24  Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing L.P. moves

25  pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint filed by Plaintiff Patricia Ann Larmer.[1]

26

27  [1] In the event the Court must look beyond the Complaint and recorded documents, Defendants alternatively move for
    summary judgment pursuant to Fed. R. Civ. P. 56 on Plaintiff's first claim for relief. Fed. R. Civ. P. 56(a) provides that
    "a court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and
28  the movant is entitled to judgment as a matter of law."  An issue is "genuine" only if there is a sufficient evidentiary
    basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could

*AKERMAN SENTERFITT LLP*
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This is one of a series of lawsuits filed by the same attorney on behalf of borrowers who defaulted on their mortgage loans. Plaintiff attempts to avoid her payment obligations in part by claiming that the Defendants fraudulently induced her into a loan. In addition, Plaintiff alleges a nebulous industry-wide conspiracy to make fraudulent loans. Plaintiff does not provide anything more than inflammatory legal conclusions and baseless assertions regarding the Defendants' allegedly wrongful actions.

This Court and others have consistently dismissed similar complaints for failure to state a claim upon which relief can be granted. *See, e.g., Rinehold v. IndyMac Bank, FSB*, No. 3:10-cv-476-LRH, 2011 WL 13856 (D. Nev. Jan. 4, 2011); *Hearne v. Countrywide Home Loans, Inc.*, Case No. 3:08-cv-500, 2010 WL 1815424 (D. Nev. Apr. 30, 2010); *Lopez v. Exec. Trustee Servs.*, Case No. 3:09-cv-180, slip op. (D. Nev. Jan. 13, 2010); *Goodwin v. Exec. Trustee Servs.*, 3:09-cv-00306-ECR, slip op. (D. Nev. Dec. 2, 2010); *Cervantes v. Countrywide Home Loans, Inc.*, Case No. CV 09-517, 2009 WL 3157160 (D. Ariz. Sept. 24, 2009); *Ciardi v. Lending Co., Inc.*, Case No. CV 10-0275-PHX-JAT, 2010 WL 2079735 (D. Ariz. May 24, 2010); *Mesi v. Wash. Mutual, F.A.*, Case No. 3:09-cv-00582-JCM-VPC, 2010 WL 3025209 (D. Nev. July 30, 2010). The result in this case should be no different. Indeed, Plaintiff's claims are alternately time-barred, inapplicable to the Defendants against whom they are alleged, or simply deficient on their face. The Complaint warrants dismissal with prejudice.

## II.

## STATEMENT OF FACTS

### A.   Plaintiff Obtained a Loan from Countrywide, Which She Secured with a Deed of Trust.

---

affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Matsushita Elec. Ind. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view all facts and draw all inferences in the light most favorable to the non-moving party. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982), *cert. denied*, 460 U.S. 1085 (1983).

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

Plaintiff is the owner of the real property located at 5757 Meadow Park Drive, Sparks, Nevada 89436.  To finance her purchase of the property, Plaintiff obtained a $347,900.00 loan from Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific") on or about October 24, 2007, which she secured with a deed of trust encumbering the property.  (*See* **Exhibit B**, Deed of Trust).2  The Deed of Trust provides MERS is Sierra Pacific's nominee.  (*Id.* at p. 4).

**B.      Plaintiff Defaulted and Defendants Began Non-Judicial Foreclosure.**

Plaintiff subsequently defaulted under the $347,900.00 loan secured by the Deed of Trust.  On March 16, 2009, Cooper Castle Law Firm, LLP ("Cooper Castle") was substituted as trustee under the Deed of Trust.  (*See* **Exhibit C**, Substitution of Trustee).  On March 16, 2009, MERS assigned the Deed of Trust to Countrywide Home Loans Servicing LP.  (*See* **Exhibit D**, Corporation Assignment of Deed of Trust).   On May 19, 2009, Cooper Castle recorded a Notice of Default/Election to Sell under Deed of Trust.  (*See* **Exhibit E**, Notice of Default).  The Plaintiff did not cure her default.  Therefore, on August 28, 2009, Cooper Castle caused to be recorded a Notice of Trustee's Sale.  (*See* First Notice of Trustee's Sale, **Exhibit F**).  That sale was postponed.  On June 24, 2010, a second Notice of Trustee's Sale was recorded.  (*See* Second Notice of Trustee's Sale, **Exhibit G**).  On July 8, 2010, a third Notice of Trustee's Sale was recorded.  (*See* Third Notice of Trustee's Sale, **Exhibit H**).  On May 13, 2011, a final Notice of Trustee's Sale was recorded.  (*See* Fourth Notice of Trustee's Sale, **Exhibit I**).  Then, on June 9, 2011, Plaintiff recorded a Notice of Lis Pendens against the property, Washoe County Instrument No. 4011347.

**C.      Plaintiff Filed a Deficient Complaint Four Years After Signing the Loan Documents.**

On June 9, 2011, Plaintiff filed her Complaint in state court, alleging nine claims for relief that include:  (1) Debt Collection Violations; (2) Violation of Unfair and Deceptive Trade Practice Act; (3) Violation of Unfair Lending Practices, NRS § 598D.100; (4) Violation of the Covenant of Good Faith and Fair Dealing; (5) Violation of NRS 107.080 et seq.; (6) Quiet Title Action; (7) Fraud in the Inducement and Through Omission; (8) Slander of Title; and (9) Abuse of Process.

---

2   Defendants respectfully request judicial notice of the attached deeds of trust, foreclosure notices and lis pendenses. *See* Exs. A-J.  Under Federal Rule of Evidence 201, a court may judicially notice matters of public record. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by *Astoria Federal Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).  The deeds of trust, foreclosure notices and lis pendenses should be judicially noticed because they are matters of public record in the Washoe County Recorder's office.

**III.**

**LEGAL STANDARD,**

The standard of review applicable to a motion to dismiss under Rule 12(b)(6) is familiar; however, the Supreme Court has clarified the standard in significant ways. Rule 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P 8(a)(2). According to the Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation' of the elements of a cause of action will not do." Id. (quoting *Twombly*, 550 U.S. at 555).

A complaint does not "suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement.'" Id. (quoting *Twombly*, 550 U.S. at 557). To "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Id. (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. (quoting *Twombly*, 550 U.S. at 556). Factual allegations are assumed true, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1949-50 (quoting *Twombly*, 550 U.S. at 555); see also *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

**IV.**

**LEGAL ARGUMENT**

**A.    Plaintiff's First Cause of Action for Debt Collection Violations Fails.**

Plaintiff's claim for debt collection violations fails against Bank of America because it does not qualify as a debt collector under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.3 Plaintiff's claim is based on the allegation that the Notice of Default and Election to Sell under the Deed of Trust did not contain language mandated by 15 U.S.C. §1692(e)(11) and 1692(g)(a)(1-5). Plaintiff further alleges that Bank of America sent collection notices without

---

3   Plaintiff's Debt Collection Violation claim is not asserted against Countrywide. *See, e.g.*, Compl. ¶ 67.

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

obtaining the needed licenses and despite knowing that the initial loan was based on future equity in the home.   Finally, Plaintiff alleges that the Notice of Default and Election to Sell under the Deed of Trust "is a false and deceptive means of collecting a debt in that it represented the Note secured by the Deed of Trust had been accelerated when in fact the Note cannot be legally accelerated without first sending a notice to the Plaintiff of a right to cure the alleged default," because the Notice of Default and Election to Sell failed to provide the notices required by the Deed of Trust, and because the drafting, tendering, recordation, and mailing of a Notice of Default and Election to Sell which contains the information required by the Deed of Trust is a condition precedent to foreclosure. These theories fail as a matter of law.

For Bank of America to be liable for a violation of the FDCPA, it "must—as a threshold requirement—be . . . 'debt collector[s]' within the meaning of the Act." *Gallegos v. Recontrust Co.*, Case No. 08-cv-2245 WQH (LSP), 2009 WL 215406, at * 3 (S.D. Cal. Jan. 29, 2009) (citing *Heintz v. Jenkins,* 514 U.S. 291, 294 (1995)).   They are not.   "A 'debt collector' under the FDCPA is a person who collects or attempts to collect debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).   As a matter of law, a mortgage servicer, such as BAC (now BANA), is not a debt collector under the FDCPA.   *Rinehold*, 2011 WL 13856, at *2.   In fact, no Defendant can be liable under the FDCPA, as "[t]he activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Gallegos*, 2009 WL 215406, at * 3 (quoting *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)) (holding that the plaintiff improperly brought a claim challenging the lawfulness of foreclosure proceedings pursuant to a deed of trust under the FDCPA); accord *Camacho-Villa v. Great Western Home Loans*, No. 3:10-cv-210, 2011 WL 1103681, at *4 (D. Nev. Mar. 23, 2011).

Here, like the defendants in *Gallegos*, Bank of America is foreclosing on a property pursuant to a deed of trust and does not qualify as "a debt collector" within the meaning of the FDCPA. Therefore, even if the Notice of Default and Election to Sell did not contain the language the FDCPA requires, Plaintiff's FDCPA claim fails.

Plaintiff's purported claims under Chapter 649 of the Nevada Revised Statutes similarly fail for several reasons. First, the statute applies only to collection agencies, and Bank of America is not

a collection agency.  See NRS § 649.020(2)(b) (excepting banks from the statute).  As such, any claims under NRS Chapter 649, as well as any claims arising from a supposed failure to obtain a state collector's license, fail.  Second, liability under NRS Chapter 649 is premised on liability under the FDCPA.  See NRS § 649.370.  Bank of America cannot be liable under the FDCPA because it is not a debt collector under that statute and because it provided all notices Nevada law and the Deed of Trust require.  Therefore, Plaintiff's corresponding claim under NRS Chapter 649 also fails.  Third, apart from incorporating the FDCPA, NRS Chapter 649 does not afford Plaintiff a private right of action.  Specifically, while the statute sets forth administrative remedies, these remedies belong to the Collection Agency Advisory Board and Attorney General.  *See* NRS §§ 649.385 et seq.; *Aldana v. U.S. Fin. Mortg. Corp.*, No. 3:10-cv-715-RCJ, 2011 WL 1303284, at *2 (D. Nev. Mar. 31, 2011) (no private right of action under Chapter 649).  Accordingly, Bank of America is entitled to dismissal of, or summary judgment on, Plaintiff's debt collection violations claim.

**B.      Plaintiff Does Not Properly Plead a Claim for Consumer Fraud Based on Unfair and Deceptive Trade Practices.**

Plaintiff's claim for consumer fraud, which is based on alleged violations of the Nevada Unfair and Deceptive Trade Practices Act ("NDTPA"), fails because it is not pled with particularity and because a non-judicial foreclosure does not constitute the "sale or lease of goods and services." In Nevada, "[a]n action may be brought by any person who is a victim of consumer fraud."  NRS § 41.600(1).  Actionable consumer fraud includes misconduct under the NDTPA, codified at Ch. 598 of the Nevada Revised Statutes.  Because it is a claim for fraud, an NDTPA claim must be pled with particularity under Fed. R. Civ. P. 9(b).  *Thorne v. Wagner*, Case No. 2:06-cv-492, 2007 WL 496373, at *3 (D. Nev. Feb. 13, 2007) (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999)).  To plead with particularity, a complaint must include averments of the time, the place, the identity of the parties involved, and the nature of the fraud.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

In her second claim, Plaintiff asserts that Defendants violated NRS §§ 598.0923 (1) and (3). These statutory sections provide:

> A person engages in a 'deceptive trade practice' when in the course of his or her business or occupation he or she knowingly:

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

6

> 1. Conducts the business or occupation without all required state, county or city licenses.
>
> . . .
>
> 3. Violates a state or federal statute or regulation relating to the sale or lease of goods or services.

The Plaintiff alleges that the Defendants "did not have the required foreign collector's license when it [sic] sent the aforementioned notices. . . ." As set forth above, however, Bank of America is not a debt collector. Moreover, the Complaint does not specify when the Notice of Default that allegedly triggered a violation of NRS §§ 598.0923 (1) was sent.

Further, Plaintiff does not explain what action by Bank of America is related to "the sale or lease of goods or services" as required for NRS § 598.0923 (3) to apply. None of the allegations in the Complaint even suggests Bank of America sold or leased goods or services to Plaintiff. The second claim fails because it is not pled with particularity and because NRS §§ 598.0923 (1) and (3) do not apply to non-judicial foreclosure of real property.

**C.   Plaintiff's Third Claim Fails Because It Is Time-Barred, Because the ULPA Only Applies to Lenders, and Because the Applicable Version of the ULPA Did not Apply to Plaintiff's Loan.**

**1.   Plaintiff's ULPA Claim is Time-Barred.**

Plaintiff's third claim for relief alleges a violation of the Unfair Lending Practices Act, NRS Ch. 598D ("ULPA"). The statute of limitations for a ULPA claim is two years. *See* Nev. Rev. Stat. § 11.190(3)(a); *Freeto v. Litton Loan Serv., L.P.*, 2010 WL 2730596, at *2 (D. Nev. July 6, 2010); *Patterson v. Grimm*, No. 2:10-CV-1292 JCM (RJJ), 2010 WL 4395419, at *3 (D. Nev. Nov. 1, 2010); *Anderson v. Deutsche Bank Nat'l Trust Co.*, No. 2:10-CV-1443 JCM (PAL), 2010 WL 4386958, at *2 (D. Nev. Oct. 29, 2010). Plaintiff signed her loan documents in October 2007, at which point he was in possession of the facts giving rise to the asserted cause of action. Plaintiff would have known prior to closing whether he provided her originating lender, Sierra Pacific, with documents confirming assets, liabilities, income and employment.[4] The Complaint fails to provide

---

[4] Moreover, Plaintiff was aware prior to closing that he signed loan applications in which she made representations, under penalty of federal law, regarding his financial circumstances.

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 · FAX: (702) 380-8572

1    any basis to conclude Plaintiff could not reasonably have discovered the alleged violations in

2    October 2007.  Plaintiff waited until June 2011 to file this Complaint, more than two years after the

3    statute of limitations had run.  The third claim for relief is time-barred.

4            **2.      Bank of America Did Not Originate the Loan.**

5            The Complaint alleges that Defendants are liable under NRS § 598D.100.  However, NRS §

6    598D.100 applies only to lenders.  See NRS § 598D.100(1).  The third claim fails against Bank of

7    America because it did not originate Plaintiff's loan, Sierra Pacific did.

8            **3.      The 2003 ULPA Applied Only to High Cost, Refinance Loans, And Is Therefore**

9    **Inapplicable.**

10           The ULPA claim also fails because Plaintiff's loan is not subject to the statute.  The 2003

11   version of the ULPA, which applies to Plaintiff's 2006 loan, defined a "home loan" as a "consumer

12   credit transaction" that (1) "is secured by a mortgage loan which involves real property located

13   within [Nevada]" and (2) "[c]onstitutes a mortgage under §152 of the Home Ownership and Equity

14   Protection Act of 1994" ("HOEPA") and the regulations adopted pursuant to HOEPA, including 12

15   C.F.R. §226.32.  NRS § 598D.040 (2005).

16           Plaintiff's 2006 loan is not a "home loan" under the ULPA unless it is a "mortgage" under

17   HOEPA.  HOEPA's definition of "mortgage" is very limited and includes only certain specialized

18   loans.  Section 152 of HOEPA defines a "mortgage" in pertinent part as "a consumer credit

19   transaction that is secured by the consumer's principal dwelling, other than a residential mortgage

20   transaction . . ." in which either "the annual percentage rate at consummation of the transaction will

21   exceed by more than 10 percentage points the yield on Treasury securities having comparable

22   periods of maturity on the fifteenth day of the month immediately preceding the month in which the

23   application for the extension of credit is received by the creditor" or "the total point and fees payable

24   by the consumer at or before the closing will exceed the greater of (i) 8 percent of the total loan

25   amount; or (ii) $400."  15 U.S.C. §1602 (aa)(1); 12 C.F.R. §226.32(a)(1).  A "residential mortgage

26   transaction" is "a transaction in which a . . . deed of trust . . . is created or retained in the consumer's

27   principal dwelling to finance the acquisition or initial construction of that dwelling."  Reg. Z

28   §226.2(a)(24).

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

Plaintiff does not plead facts showing that she had a "home loan" subject to the ULPA. Her conclusory assertions that her loan does fit under the ULPA is exactly the type of pleading the Supreme Court has disapproved. *See Iqbal*, 129 S. Ct. 1949-50 (conclusory allegations not entitled to presumption of truth). This is fatal to the ULPA claim because the 2007 amendment, which expanded the scope of the ULPA, cannot be applied retroactively. *See U.S. v. Perry*, 431 F.2d 1020, 1023 (9th Cir. 1970) (statutes are presumed to operate only prospectively); *Velasquez v. HSBC Mortg. Servs.*, Case No. 2:09-cv-784-KJD-LRL, 2009 WL 2338852, at *3-4 (D. Nev. July 24, 2009) (case commenced in 2009 based on a 2005 loan was subject to the law as it existed in 2005, not as amended in 2007); accord *Aguilar v. WMC Mortg. Corp.*, Case No. 2:09-cv-1416-ECR-PAL, 2010 WL 185951, at *5-6 (D. Nev. Jan. 15, 2010). For all of these reasons, Plaintiff's ULPA claim fails.

**D.    There Is no Breach of The Covenant of Good Faith and Fair Dealing for Pre-Contract Actions and Where Plaintiff Does Not Allege Actions that Contravene the Purpose of the Contract.**

Plaintiff claims that Defendants breached the covenant of good faith and fair dealing by offering "the Plaintiff consideration for loan modifications, told her that the foreclosures would be postponed but they were not." (*See* **Exhibit A**, Compl. ¶ 92). This allegation appears to be copied and pasted from other form complaints, as the foreclosure sale at issue in this case has not gone forward to date. The Plaintiff also alleges that Defendants breached the implied covenant of good faith and fair dealing by luring her into the initial loan and wrongfully declaring that she was qualified for that loan. (*Id.* at ¶ 90). Plaintiff further alleges that the Defendants' "interpretation of the subject mortgage contract" and "continued communications and monthly statements sent to the Plaintiff, violates the public policy of the State of Nevada." (*Id.* at ¶ 96). These allegations do not support a breach of the implied covenant claim.

To succeed on a claim for breach of the covenant of good faith and fair dealing, Plaintiff would have to show (1) Plaintiff and Defendants were parties to a contract; (2) Defendants owed a duty of good faith to Plaintiff; (3) Defendants breached that duty by performing in manner that was unfaithful to the purpose of the contract; and (4) Plaintiff's justified expectations were denied. See *Perry v. Jordan*, 111 Nev. 943, 948, 900 P.2d 335, 338 (1995). The implied duty of good faith and

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 • FAX: (702) 380-8572

fair dealing arises in all contracts. *See A.C. Shaw Constr. v. Washoe County*, 105 Nev. 913, 914, 734 P.2d 9 (1989). However, to be actionable, the breach must have occurred after the formation of the contract, not before. *See Centerville Builders, Inc., v. Wynne*, 683 A.2d 1340, 1342 (R.I. 1996) (holding that the covenant of good faith and fair dealing "only applies after a binding contract is formed") (citing *Crellin Techs., Inc. v. Equipmentlease Corp.*, 18 F.3d 1, 10 (1st Cir. 1994)).

Plaintiff cannot establish that any of the Defendants, let alone Bank of America, breached the implied covenant of good faith and fair dealing by luring her into the subject loan. Prior to the formation of a contract, there is no implied duty of good faith and fair dealing because there is no contract. *See Centerville Builders*, 683 A.2d at 1342.

Further, Plaintiff pleads no facts that, if proven, would establish that the Bank of America contravened the spirit of the contract. This failure requires dismissal. *See Aguilar*, 2010 WL 185951, at *6 (dismissing implied covenant claim that did not plead facts to explain how defendant's manner of complying with the note and deed of trust contravened the spirit of the contract). Likewise, Plaintiff does not explain how "continued communications and monthly statements" thwarted the legitimate purposes of the loan or Deed of Trust. Plaintiff's implicit contention that post-default foreclosure contradicts the spirit and intent of the Deed of Trust is incorrect. *Sam v. Am. Home Mortg. Serv., Inc.*, Case No. 2:09-cv-2177, 2010 WL 761228, at *6 (E.D. Cal. March 3, 2010) ("[f]oreclosing upon a loan where such foreclosure is permissible by law and the terms of the loan agreement does not deprive plaintiff of any benefits reasonably expected by the parties to the loan"). The Court should dismiss the claim for breach of the implied covenant of good faith and fair dealing.

**E.      Plaintiff's Wrongful Foreclosure Claim Fails Because There Is no Completed Sale, Plaintiff Breached the Loan Agreement, Plaintiff Has Not Complied With The Tender Rule, and an Alleged Violation of NRS 107.080 Does Not Provide for Tort Damages.**

Plaintiff's violation of NRS 107.080 claim, which appears to be a disguised wrongful foreclosure claim, fails because it does not allege a foreclosure sale or that Plaintiff was not in default. To succeed on a claim for wrongful foreclosure, one must show that (1) Defendants exercised a power of sale or foreclosed on Plaintiff's property and (2) at the time the power of sale was exercised, there was no breach of condition or failure of performance by Plaintiff that would

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 • FAX: (702) 380-8572

have authorized the foreclosure. *Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 304, 662 P.2d 610, 623 (Nev. 1983). The Complaint fails under this standard, as the power of sale has not been exercised against the property in this case, and Plaintiff cannot show that she has not breached the loan contract.[5]

### 1.    Plaintiff Cannot State a Claim for Wrongful Foreclosure.

A wrongful foreclosure action will not lie in Nevada unless the plaintiff pleads that "no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins*, 99 Nev. at 304, 662 P.2d at 623. Therefore, the "material issue" in a wrongful foreclosure claim is whether "the trustor was in default when the power of sale was exercised," and wrongful foreclosure claims have therefore been dismissed when plaintiff failed to allege that they do not owe money on their loan, i.e., that he was not "in default when the power of sale was exercised." *Collins*, 99 Nev. at 304, 662 P.2d at 623; *see also Haley*, 2010 WL 1006664, at *1-2 (noting that "[a]n action for wrongful foreclosure requires that, at the time of the foreclosure sale, the plaintiff was not in breach of the mortgage contract"); *Aguilar*, 2010 WL 185951, at *2 (dismissing claim because plaintiff "admit[ted] that they were delinquent"); *Larson v. Homecomings Fin., LLC*, Case No. 2:09-cv-01015-RLH-GWF, 2009 WL 5538536, at *5 (D. Nev. Sept. 1, 2009) (same).[6]

This same claim was rejected by this District in *Green v. Countrywide Home Loans, Inc. See* Case No. 3:09-cv-374, slip op. at 4 (D. Nev. Jan. 12, 2010) (holding that plaintiffs failed to state a claim for wrongful foreclosure because they failed to allege that they were not in default on their loans when foreclosure began). Here, as in *Green*, Plaintiff cannot plausibly allege that she is

---

[5] Plaintiff does assert that she "did pay the payments agreed in the 'Note.'" Compl. ¶ 29. This allegation is false and, most likely, inadvertently copied and pasted from another lawsuit, as a number of the allegations in the Complaint appear to be. Notably, this allegation appears nowhere else in the Complaint. Clearly, if this allegation had any merit, it would be repeated *ad nauseam* in this Complaint. This allegation is implausible and cannot stand under *Twombly. See* 550 U.S. at 555.

[6] *See also Ernestberg v. Mtg. Investors Group*, Case No. 2:08-cv-1304-RCJ-RJJ, 2009 WL 160241, at *6 (D. Nev. Jan. 22, 2009) ("Plaintiff does not contest that he defaulted on the loan"); *Coward*, Case No. 2:09-cv-01143-RCJ-GWF, 2009 WL 3367398, at *9 (D. Nev. Oct. 14, 2009) ("Plaintiff has admitted default"); *see also Labra v. Cal-Western Reconveyance Corp.*, Case No. C 09-2537 PJH, 2010 WL 889537, at *9 (N.D. Cal. Mar. 11, 2010) (dismissing wrongful foreclosure claim because Plaintiff did not fulfill their obligations under deeds of trust by making timely payments); *Roque v. SunTrust Mtg. Inc.*, Case No. C-09-00040 RMW, 2010 WL 546896, at *4 (N.D. Cal. Feb. 10, 2010) (dismissing wrongful foreclosure claim because plaintiff was "unable to assert that no breach of performance occurred")

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

current on her mortgage payments.  Accordingly, the claim for wrongful foreclosure fails as a matter of law and should be dismissed.[7]

The fifth claim should also be dismissed because Plaintiff has not complied with the tender rule.  This rule requires plaintiffs who challenge the validity of a completed foreclosure action to tender the amount due and owing on the secured indebtedness as a prerequisite to maintaining the action.[8]  *See Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (Cal. Ct. App. 1996) (appellants required to allege tender of the amount of the secured indebtedness to challenge foreclosure sale); *U.S. Cold Storage of Cal. v. Great W. Sav. & Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (Cal. Ct. App. 1985) (the "law is long-established" that tender of the obligation in full by a trustor is a "prerequisite to challenge of the foreclosure sale"); *Cagle v. Carlson*, 705 P.2d 1343, 1345 (Ariz. Ct. App. 1985) ("he who seeks equity must do equity;" because plaintiff was "legally and morally indebted" to defendant for the amount the property sold for in foreclosure sale, tender of that amount was a condition precedent to setting aside foreclosure sale) (internal quotation and citation omitted).  The Plaintiff has not offered to tender to the Court or to Bank of America amounts due and owing on her loan.  As a result, she cannot challenge the foreclosure sale and her wrongful foreclosure claim should be dismissed.  *Keen v. Am. Home Mortgage Servicing, Inc.*, 664 F. Supp. 2d 1086, 1101 (E.D. Cal. 2009) (plaintiff failed to allege "any facts supporting her ability to tender any payment" and "an immediate ability or willingness to tender payment").

Plaintiff seemingly claims that any foreclosure where MERS is named as nominee on the deed of trust is fraudulent and, therefore, wrongful.  The District of Arizona has rejected the same attack on MERS, stating that the Court "fail[ed] to see how the MERS system commits a fraud upon

---

[7] Plaintiff also alleges that the Defendants no longer have an interest in the loan because "[t]he obligations" on their loan "were discharged" as a result of "over-collateralization of the obligations," "credit default swaps," or "federal bailout funds." (*See* **Exhibit A** *at* ¶ 108).  However, in *Green*, this District held that this vague allegation, "even if . . . true, is not tantamount to an assertion that Plaintiffs were not in default on their mortgages," and therefore Plaintiffs "fail[ed] to state a claim for wrongful foreclosure." *Green*, slip op. at 4-5.

[8] Although Nevada courts have not explicitly adopted the tender rule, they are likely to adhere to it because it is an outgrowth of the equitable maxim recognized in Nevada that a party seeking equity must do equity, and also because Nevada courts look to California law when Nevada law is silent, *Hiekel v. 268 Ltd.*, 887 F.2d 1089, 1989 (9th Cir. 1989); *Ernestberg*, 2009 WL 160241, at *5, and California employs the tender rule.  Indeed, numerous District Courts within California have dismissed wrongful foreclosure claims because of a plaintiff's failure to tender the loan amount. *See, e.g., Labra*, 2010 WL 889537, at *9 (dismissing wrongful foreclosure claim because of Plaintiff's failure to tender); *Somera v. Indymac Fed. Bank FSB*, Case No. 2:09-cv-01947-FCD-DAD, 2010 WL 761221, at *8-9 (E.D. Cal. Mar. 3, 2010) (same).

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

Plaintiff . . . .  The fact that MERS does not obtain such rights as to collect mortgage payments or obtain legal title to the property in the even of non-payment does not transform MERS' status into a 'sham.'"  Cervantes, 2009 WL 3157160 at *10-11; *Ciardi*, 2010 WL 2079735.  There is nothing wrongful about the use of MERS that would render a foreclosure invalid, and multiple judges, including in the Nevada federal courts,[9] the Nevada state courts[10] and elsewhere,[11] have had no difficulty holding that MERS has standing to foreclose and have approved MERS' role as a nominal beneficiary or mortgagee under a mortgage instrument.[12]

In addition, Plaintiff should be estopped from arguing that MERS is unlawful, as MERS' role was expressly disclosed in the Deed of Trust to which he agreed.  As the California Court of Appeals recently made clear, Plaintiff should be held to the terms of the agreement she made.  *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th, 11492011 WL 566737 (Cal. Ct. App. 2011) ("Gomes's agreement that MERS has the authority to foreclose . . . precludes him from pursuing a cause of action premised on the allegation that MERS does not have the authority to do so.").  In short, the use of MERS did not extinguish Plaintiff's loan obligations or otherwise render any foreclosure wrongful.

---

[9] *Vazquez v. Aurora Loan Servs.*, Case No 2:08-cv-01800, slip op. at 2 (D. Nev. Apr. 21, 2009) (holding that the loan documents sufficiently demonstrated standing by Defendants, including MERS, "with respect to the loan and the foreclosure"); *Orzoff v. Mortg. Elec. Reg. Sys., Inc.*, Case No. 2:08-cv-01512, slip op. at 9-10 (D. Nev. Mar. 26, 2009) ("MERS does have standing [to participate in foreclosure proceedings as a nominee beneficiary]. . . . Courts around the country have held the same."); *Gonzalez v. Home Am. Mortg. Corp.*, Case No. 2:09-cv-00244, slip op. at 7-9 (D. Nev. Mar. 12, 2009) (upholding right of MERS and CR Title, as successor trustee, to initiate non-judicial foreclosure without presenting the note); *Ramos v. MERS, Inc.*, Case No. 2:08-cv-1089-ECR-RJJ, 2009 WL 5651132, at *3 (D. Nev. Mar. 5, 2009) ("[U]nder the deed of trust, MERS was empowered to foreclose on the property and to appoint [another defendant] as substitute trustee for purpose of conducting the foreclosure."); *Elias v. HomeEq Serv.*, 2009 WL 481270, at *1 (same).
[10] *Khalil v. Fidelity Nat'l Default Sol. Tustin*, Case No. A560582, slip op. at 3 (Dist. Ct. Clark County Nov. 24, 2008) (recognizing that "MERS, as a lender's nominee and the named beneficiary [on the Deeds of Trust], ha[d] standing to foreclose").
[11] *Jackson v. Mortg. Elec. Reg. Sys., Inc.*, 770 N.W.2d 487 (Minn. Aug. 13, 2009) (MERS may institute foreclosure proceedings under a deed of trust even if it did not possess an interest in the note); *Trent v. Mortg. Elec. Reg. Sys., Inc.*, 288 F. App'x 571, 572 (11th Cir. 2008) ("Under the contracts, [MERS] has the legal right to foreclose on the debtors' property" and "is the mortgagee."); *Mtg. Elec. Reg. Sys., Inc., v. Ventura*, No. CV054003168S, 2006 WL 1230265, at *1 (Conn. Super. Apr. 20, 2006) (MERS, acting as nominee for the lender and its successors and assigns, was the correct party to bring foreclosure action); *Mortg. Elec. Reg. Sys., Inc., v. Revoredo*, 955 So.2d 33, 34 (Fla. App. 2007) (noting that "no substantive rights, obligations or defenses are affected by the use of the MERS device").
[12] Plaintiff also makes a "show me the note" argument.  *See* Compl. ¶ 95.  "Courts across the country have rejected claims by plaintiffs asserting a duty by the lender to provide the original note under the U.C.C. to prove its holder in due course status."  *See Wayne v. Homeq Servicing*, No. 2:08-cv-00781-RCJ-LRL, 2008 WL 4642595, at *3 (D. Nev. Oct. 16, 2008) (citations omitted).

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 • FAX: (702) 380-8572

2.      **Plaintiff's "Violation of NRS 107.080 Claim" Is Not a Recognized Private Tort in Nevada and Otherwise Fails Because the Foreclosure at Issue Is Valid.**

To the extent Plaintiff's "Violation of NRS 107.080" cause of action is not a wrongful foreclosure claim, Plaintiff cannot state a claim upon which relief may be granted.  Indeed, as this District has recognized, "NRS 107.080 does not provide plaintiff homeowners with a private right of action for tort damages."  *See Berilo v. HSBC Mortg. Corp.*, USA, No. 2:09-cv-02353-RLH-PAL, 2010 WL 2667218, *3 (D. Nev. June 29, 2010).  Rather, it merely "allow[s] a court to void a trustee sale if, inter alia, the person or entity that conducted the sale did not substantially comply with the statute."  *See id.* at *3.  Such claims are interpreted as "request[s] to void the trustee sale as a result of Defendants' substantial non-compliance with NRS 107.080."  *See id.* at *3.  Plaintiff cannot state a claim for the only relief available under NRS 107.080—rescission of a trustee's sale—because no sale has occurred.

In addition, the foreclosure here has been entirely proper.  Plaintiff defaulted under the $347,900.00 loan secured by the Deed of Trust.  On March 16, 2009, Cooper Castle Law Firm, LLP ("Cooper Castle") was substituted as trustee under the Deed of Trust.  On March 16, 2009, MERS assigned the Deed of Trust to Countrywide Home Loans Servicing LP.  On May 19, 2009, Cooper Castle recorded a Notice of Default/Election to Sell under Deed of Trust.  (See Exhibit E, Notice of Default).  The Plaintiff did not cure her default.  Therefore, on August 28, 2009, Cooper Castle caused to be recorded a Notice of Trustee's Sale.  That sale was postponed.  On June 24, 2010, a second Notice of Trustee's Sale was recorded.  On July 8, 2010, a third Notice of Trustee's Sale was recorded.  On May 13, 2011, a final Notice of Trustee's Sale was recorded.  Then, on June 9, 2011, Plaintiff recorded a Notice of Lis Pendens against the property, Washoe County Instrument No. 4011347.

**F.      Quiet Title Is not Appropriate as Plaintiff Admits Encumbering The Property.**

In her sixth claim for relief, Plaintiff seeks to quiet title.  Plaintiff's quiet title claim should be dismissed because it is dependent on the other failed claims.  But even if the other claims did not fail, quieting title is not a proper remedy in this case.  "A quiet title claim requires a plaintiff to allege that the defendant is unlawfully asserting an adverse claim to title to real property."

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 · FAX: (702) 380-8572

*Kemberling v. Ocwen Loan Servicing, LLC*, Case No. 2:09-cv-00567, 2009 WL 5039495, at *2 (D. Nev. Dec. 15, 2009).  "The very object of the proceeding assumes that there are other claimants adverse to the Plaintiff, setting up titles and interests in the land or other subject-matter hostile to his [own]."  *See Clay v. Scheeline Banking & Trust Co.*, 40 Nev. 9, 16, 159 P. 1081, 1082 (1916). Where such adverse claims exist, the party seeking to have another party's right to property extinguished, bears the burden of overcoming the "presumption in favor of the record titleholder." *See Breliant v. Preferred Corp.*, 112 Nev. 663, 669, 918 P.2d 314, 318 (1996); *see Clay*, 40 Nev. at 16, 159 P. at 1082.

Here, Plaintiff admits she borrowed money and then secured the loan with a Deed of Trust. There is no other party claiming any interest in the property that is adverse to Plaintiff's title and/or the Deed of Trust.  Plaintiff's dislike for the Deed of Trust she executed does not create an adverse claim that entitles her to an order quieting title.  The only way this quiet title action would be necessary is if there were currently a dispute between two or more parties over the right to foreclose under the Deed of Trust.

Further, because an action to quiet title is equitable in nature, *see MacDonald v. Krause*, 77 Nev. 312, 317-18, 362 P.2d 724 (1961), Plaintiff must show his right to such equitable relief.  See *Transaero Land & Dev. Co. v. Land Title Co. of Nev., Inc.*, 108 Nev. 997, 1001, 842 P.2d 716 (1992) ("[I]n seeking equity, a party is required to do equity.") (internal quotation omitted).  Plaintiff voluntarily executed the promissory note and Deed of Trust.  She has failed to make the payments due on the loan, and now seeks to deprive the creditor of its security by quieting title.  This would be an inequitable result.  Where a defaulting mortgagor or trustor attempts to quiet title against the mortgagee, equity is served by requiring the debtor purporting to quiet title to pay the full amount of the outstanding debt. *See, e.g., Trusty v. Ray*, 249 P.2d 814 (Idaho 1951); *see also Mix v. Sodd*, 126 Cal. App. 3d 386, 390 (1981) (no quiet title action may lie without paying the debt, even if debt is otherwise unenforceable).  This Court should reject Plaintiff's attempt to obtain a windfall from her loan by eliminating the Deed of Trust.  Plaintiff's quiet title claim should be dismissed.

/ / /

/ / /

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

**G.      Plaintiff's Fraud Claim Should Be Dismissed.**

Plaintiff fails to state a claim for fraud by omission or fraud in the inducement.  First, Plaintiff's claims relating to the origination of the loan are time-barred.  Common law fraud is subject to a three-year statute of limitations.  *See* NRS § 11.190(3)(d).  Plaintiff did not file the Complaint until four years and four months after she took out the subject loan.  Although equitable tolling may apply to fraud claims, Plaintiff does not plead any facts to show equitable tolling could apply in this case.    Finally, the conclusory allegations in the fraud claims do not come close to stating a claim of fraud under Nevada law.

**1.      Bank of America Did Not Owe Plaintiff A Duty of Care.**

To the extent Plaintiff claims that Bank of America committed fraud by failing to advise her about loan terms, those claims must be dismissed as a matter of law because the Bank of America had no duty of disclosure.[13]  "In order for a mere omission to constitute actionable fraud, a plaintiff must first demonstrate that the defendant had a duty to disclose the fact at issue." *Nev. Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1417 (D. Nev. 1995) (citation omitted).[14]  Plaintiff does not allege the existence of a fiduciary or other duty on the part of Bank of America and does not plead facts that would give rise to such a duty between a mortgage lender or servicer and the borrower.  Nor could she because it is well-settled that a lender or servicer owes no fiduciary duties to mortgage borrowers.  *Yerington Ford, Inc., v. GMAC*, 359 F. Supp. 2d 1075, 1089 (D. Nev. 2004), overruled on other grounds by *Giles v. GMAC*, 494 F.3d 865 (9th Cir. 2007); *Kwok v. CR Title Co.*, et al., Case

---

[13]  Plaintiff also alleges that Defendants failed to disclose that the Deed of Trust was issued to evade taxes, hide the real holder, and provide "services with power of collections without obtaining licenses required."  These assertions are impertinent and immaterial, and should be stricken pursuant to Fed. R. Civ. P. 12(f).

[14]  In support of his fraud claim, Plaintiff argues that the Defendants failed to make required disclosures in connection with Plaintiff's loan.  To the extent Plaintiff argues that state law contradicts the disclosure requirements of the federal Truth in Lending Act ("TILA"), those claims would be preempted thereby.  *See* 15 U.S.C. § 1610(e).  Moreover, to the extent Plaintiff's fraud claims could be construed as TILA claims, those claims would fail because they are improperly pled.  Even if Plaintiff had attempted to state a cause of action under TILA, any TILA claim is time-barred.  TILA contains a one year statute of limitations for damages claims.  *See* 15 U.S.C. § 1640(e).  "The date of the violation refers to the date 'the loan documents were signed.'" *Lynch v. RKS Mortg. Inc.*, 588 F. Supp. 2d 1254, 1259 (E.D. Cal. 2008) (quoting *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003)).  TILA also contains a three year statute of repose for rescission claims.  *See* 15 U.S.C. § 1635(f) (The right of rescission pursuant to TILA "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first. . . .").  Thus, Plaintiff was required to file any TILA damages claim against the Defendants by December of 2007, and any rescission claim by December of 2009.  Plaintiff may not now attempt to revive time-barred TILA claims by reclassifying them as common law fraud claims.  For this additional reason, Plaintiff's fraud claims warrant dismissal with prejudice.

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

No. 2:09-cv-2298, slip op. at 5 (D. Nev. Jun. 23, 2010) ("[A] lender owes no fiduciary duties to a borrower absent exceptional circumstances."); *Saniel v. CR Title Co.*, et al., Case No. 2:09-cv-02290, slip op. at 5 (D. Nev., Jun. 23, 2010). The Court can dismiss Plaintiff's fraud by omission claims on this basis alone.

## 2. Plaintiff's Fraud Claims Do Not Comply With Fed. R. Civ. P. 9.

Plaintiff's fraud claim should also be dismissed because it fails to comply with Fed. R. Civ. P. 9(b). Rule 9(b) provides that all "circumstances constituting the fraud . . . shall be stated with particularity." *See Berry v. Valence Tech., Inc.*, 175 F.3d 699, 706 (9th Cir. 1999). Averments of fraud must be specific enough to put a defendant on notice of the particular misconduct the defendant is alleged to have committed in order to properly defend against the allegations. *Vess v. Ciba-Geigy Corp USA*, 317 F.3d 1097, 1104 (9th Cir. 2003). A plaintiff is required to plead the time, place and substance of the fraud and specifically detail the defendant's allegedly wrongful acts, including when they occurred and who engaged in the misconduct. *See, e.g., Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (emphasis added).

The fraud claims lack the necessary particularity. Plaintiff fails to allege which Defendant committed what alleged wrongful act, and when and where these alleged wrongful acts took place. Rather, the Complaint contains only general allegations about alleged failure to disclose information contained in the loan and origination documents and alleged failure to explain the bases on which Plaintiff qualified for the loan.

For example, Plaintiff alleged that all of the Defendants "committed fraud by failing to disclose to the Plaintiff the predatory, unethical and unsound lending and foreclosure practices" or "bonuses and inflated salaries." (*See* Exhibit A, at ¶ 144). Even if these allegations were true, "[a] cause of action for fraud does not lie for bad financial advice. Defendants cannot be expected to have predicted the economic downturn, which is the real reason for Plaintiff's hardships." *Gomez*, 2009 WL 3617650, at *5.

Moreover, the fraud claims are deficient because they do not "specify the misrepresentations [and] explain in what way they were false." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984); The Complaint contains no allegations of specific misrepresentations with respect to Plaintiff's loan.

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

It does not allege who made the alleged misrepresentations or when the alleged misrepresentations took place, nor does the Complaint allege what any of the Defendants allegedly said to mislead Plaintiff regarding her ability to make payments on the loan. Because Plaintiff failed to meet her burden of pleading fraud with specificity, the seventh claim for relief must be dismissed. *See Lopez v. Exec. Trustee Servs.*, LLC, 3:09-CV-0180-ECR, slip op. at 17; *see also Impac Warehouse Lending Group v. Credit Suisse First Boston LLC*, 270 Fed. Appx. 570, 572 (9th Cir. 2008) (affirming dismissal of fraud claims stemming from the sale of mortgage loans on the secondary market by a mortgage broker due to a lack of factual specificity).

**H.      Plaintiff Cannot State a Slander of Title Claim.**

In the eighth claim for relief, Plaintiff alleges that Defendants, slandered her title by recording the Notice of Default and Election to Sell and the Notices of Trustees Sale. In particular, Plaintiff contends that "[Defendants] . . . knew that they did not have any grounds to believe that the Plaintiff owed them any money on the Note . . . [and] that they are not authorized parties to foreclose and take legal title but have recorded documents or failed to record documents that have disparaged the title to the Plaintiff's properties [sic] pursuant to recording Notices of Default that were defective for, among other reasons, failure to serve upon the Plaintiff, and in violation of NRS 107.080 and NRS 107.087."

To state a slander of title claim, a plaintiff must allege a "false and malicious communication, disparaging to [their] title in land, and causing special damage." *See Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 114 Nev. 823, 842, 963 P.2d 465, 478 (1998). In *Ramos v. Mortgage Electronic Registrations System, Inc.*, the plaintiffs alleged that recorded notices of default slandered their title. No. 2:08-CV-1089-ECR-RJJ, 2009 WL 5651132 (D. Nev. March 5, 2009). This Court dismissed that claim, noting:

> Plaintiffs do not dispute that they were in default on their loan. Nor is it false that the property was to be sold at a trustee's sale. As noted above, Defendants were acting within their authority under the Deed of Trust in conducting the foreclosure. It is not clear, therefore, what Plaintiffs might assert to be false or malicious about the recorded notice. We conclude that Plaintiffs have failed to state a claim for slander of title.

2009 WL 5651132, at *4; *see also Saterbak v. MTC Fin. Inc.*, No. 3:10-cv-501-RCJ-VPC, 2011 WL 484300 (D. Nev. Feb. 4, 2011) (dismissing slander of title claim arising from recordation of notice of default because the trustee had the authority to initiate the foreclosure process and because Plaintiff never alleged that she was not in default). Courts throughout the Ninth Circuit have embraced similar reasoning. *See In re: MERS Litigation*, MDL Docket No. 09-2119-JAT, 2010 WL 4038788 (D. Ariz. Sept. 30, 2010) ("Plaintiffs bring claims for slander of title . . . on the allegation that certain defendants wrongfully recorded notices of default and intent to foreclose against Plaintiffs' property. . . . Here, Plaintiff has not sufficiently alleged the falsity of these communications. . . . [because] there is no allegation that Plaintiffs were not in default or that a trustee's sale was actually not scheduled.").

Here, as in *Ramos*, it is not false that the property is to be sold at a trustee's sale. See 2009 WL 5651132, at *4. Moreover, as in *Ramos, Saterbak*, and *In Re: MERS Litigation*, Plaintiff does not meaningfully deny her default under the note, but merely implies that Defendants are not entitled to collect on the loan. The Court should dismiss Plaintiff's slander of title claim.

Finally, Plaintiff fails to state a slander of title claim that is sufficient under Twombly. As Twombly explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation' of the elements of a cause of action will not do," nor will a complaint "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Plaintiff does nothing more than reiterate the elements of a "slander of title" claim in a transparent attempt to avoid dismissal. The slander of title claim is improperly pled and warrants dismissal with prejudice.

## I.  Plaintiff's Abuse of Process Claim Fails as a Matter of Law and Is Improperly Pled.

In the final claim for relief, Plaintiff alleges that in serving the Notice of Default and Election to Sell on Plaintiff, Defendants engaged in abuse of process. To prevail on an abuse of process claim, a plaintiff must demonstrate (1) an ulterior purpose, and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding. *See Exec. Mgmt.*, 114 Nev. at 843, 963 P.2d at 478.

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

As a threshold matter, service of the Notice of Default and Election to Sell cannot support an abuse of process claim. In *Meadows v. Bakersfield Sav. & Loan Ass'n*, a California Court of Appeal noted that "the essence of the tort 'abuse of process' lies in the misuse of the power of the court." 250 Cal. App. 2d 749, 753 (Cal. Ct. App. 1967). *Meadows* concluded that improper posting of a notice of default and notice of sale cannot support an abuse of process claim, as non-judicial foreclosure proceedings "in nowise emanate[] from or rest[] upon the authority or jurisdiction of a court." 250 Cal. App. 2d at 753. This District has cited *Meadows* favorably, noting that a plaintiff could not state an abuse of process claim where no court proceedings were instituted, as "[a]n essential element of an abuse of process cause of action is 'the misuse of the power of the court; [the abuse of process tort] is an act done in the name of the court and under its authority for the purpose of perpetrating injustice. . . .'" *Ungaro v. Desert Palace, Inc.*, 732 F. Supp. 1522, 1529 n. 2 (D. Nev. 1989) (citations omitted). As a matter of law, Plaintiff's abuse of process claim fails because the foreclosure at issue is non-judicial.

Even if Plaintiff could base her abuse of process claim on the Notice of Default and Election to Sell, Plaintiff's abuse of process claim is insufficiently pled. In arguing that service of the foreclosure notices was an abuse of process, Plaintiff reiterates the deficient allegations contained elsewhere in the Complaint. Specifically, she argues that "[Defendants] . . . all knew they did not have any grounds to believe that the Plaintiff owed them any money on the Note, nor do they represent the actual investors on the Deed of Trust or Note" and that "the purpose of the service of the Notice of Default was not to collect on the Plaintiff's Note as the document states; rather the actual and ulterior purpose of serving it was to collect fees, insurance claims, credit swap default payments . . . ." (*See* **Exhibit A**).

As fully set forth in the preceding sections, none of Plaintiff's arguments regarding the Defendants' standing to foreclose are valid. However, even if they were, Plaintiff's allegations that the Defendants acted with ulterior motives are nothing more than "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Plaintiff's abuse of process claim should be dismissed with prejudice.

**V.**

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572

## CONCLUSION

For the reasons stated above, Bank of America requests that this Court dismiss each of Plaintiff's claims and the Complaint with prejudice, or grant summary judgment thereon. Further, Bank of America requests that this Court issue an order expunging the lis pendens that Plaintiff recorded in connection with this lawsuit.

DATED this 22nd day of August, 2011.

**AKERMAN SENTERFITT LLP**

/s/ Steven G. Shevorski
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
STEVEN G. SHEVORSKI, ESQ.
Nevada Bar No. 8256
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Bank of America, N.A. as successor by merger to*
*BAC Home Loans Servicing, LP,*
*formerly known as Countrywide Home Loans*
*Servicing L.P.*

21

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 22nd day of August, 2011 and pursuant to FRCP 5, I served via CM/ECF and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND EXPUNGE LIS PENDENS**, postage prepaid and addressed to:

RICK LAWTON, ESQ.
1460 Hwy 95A, North #1
Fernley, Nevada 89408
*Attorneys for Plaintiff*

Todd A. Bader
Bader & Ryan, Ltd.
232 Court Street
Reno, Nevada 89501
*Attorney for First American Title*
*Insurance Company & Aaron Doty*

/s/ Debbie Julien
An employee of AKERMAN SENTERFITT LLP

AKERMAN SENTERFITT LLP
400 SOUTH FOURTH STREET, SUITE 450
LAS VEGAS, NEVADA 89101
TEL.: (702) 634-5000 – FAX: (702) 380-8572