ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
STEVEN G. SHEVORSKI, ESQ.
Nevada Bar No. 8256
AKERMAN SENTERFITT LLP
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101
Telephone:    (702) 634-5000
Facsimile:    (702) 380-8572
Email: ariel.stern@akerman.com
Email: steven.shevorski@akerman.com

*Attorneys for Defendant
Bank of America, N.A. as successor by
merger to BAC Home Loans Servicing, LP,
formerly known as Countrywide Home
Loans Servicing L.P.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PATRICIA ANN LARMER,<br><br>    Plaintiff,<br><br>vs.<br><br>SIERRA PACIFIC MORTGAGE COMPANY, INC; GREENHEAD INVESTMENTS, INC.; A CALIFORNIA CORPORATION; THE COOPER CASTLE LAW FIRM, LLP, A NEVADA LIMITED LIABILITY PARTNERSHIP; COUNTRYWIDE HOME LOANS SERVICING, L.P.; SHANNON WHITE; and DOES 1-25 CORPORATIONS, DOES and ROES 1-25 Individuals, Partnerships, or anyone claiming any interest to the property described in the action,<br><br>    Defendants. | Case No: 3:11-cv-00569-RCJ-VPC<br><br>**DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** |

Defendant Bank of America, N.A. ("Bank of America"), as successor by merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing L.P., files this reply in support of its motion to dismiss.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

In response to Bank of America's Motion to Dismiss, Plaintiff has filed an Opposition that is wholly devoid of merit. In particular, the Opposition relies on arguments that have been consistently rejected by this Court. Moreover, Plaintiff's Opposition is largely unresponsive to the Motion to Dismiss. To the extent the Opposition is responsive to the Motion to Dismiss, it is unconvincing and relies on case law that is not relevant to the case at bar. Plaintiff has not and cannot state a single claim upon which relief may be granted. For the reasons set forth here and in the Motion to Dismiss, the Complaint should be dismissed with prejudice.

## II.

## LEGAL ARGUMENT

**A.     Bank of America is not a debt collector under the Fair Debt Collection Practices Act.**

"A 'debt collector' under the FDCPA is a person who collects or attempts to collect debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A debt is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily personal, family or household purposes, whether ore not such obligation has been reduced to judgment." 15 U.SC. §1692(a)(5).

Bank of America, as successor by merger to BAC, is alleged to have violated the FDCPA through the act of nonjudicial foreclosure on a deed of trust. Plaintiff writes in her opposition: "However, if the party attempting to collect using the non-judicial foreclosure statute improperly (not proper party) the [party] can not [sic] escape being acting [sic] as a debt collector as alleged by Plaintiff." (*See* Opposition, 20:13-16). In addition, Plaintiff's allegations in her Complaint to support this claim all relate to foreclosure activity. (*See* **Exhibit A**, Complaint at ¶¶72-74). Foreclosing on a deed of trust is distinct conduct from collecting a debt. *Hulse v. Ocwen Fed. Credit Union*, 195 F.Supp.2d 1188, 1203 (D. Or. 2002). Therefore, Bank of America did not as a matter of law engage in the conduct of collecting a debt under the FDCPA and can have no liability under the

FDCPA.

As to the allegations brought under Chapter 649 of the Nevada Revised Statutes, there is no private right of action under Chapter 649. *See Aldana v. U.S. Fin. Mortg. Corp.*, No. 3:10-cv-715-RCJ, 2011 WL 1303284, at *2 (D. Nev. March 31, 2011) (no private right of action under Chapter 649). Accordingly, Bank of America is entitled to dismissal of Plaintiff's debt collection cause of action.

**B.   Plaintiff's causes of action for Unfair Lending Practices under Chapter 598D and Deceptive Trade Practices under Chapter 598 fail against Bank of America.**

The Plaintiff alleged in his third claim for relief that Bank of America in continuing to collect on a loan that she was "lur[ed]" into receiving violated the Deceptive Trade Practices Act as set forth in Nev. Rev. Stat. §598D.100. (*See* **Exhibit A**, at ¶¶84-86). The ULPA applies only to lenders who originate a borrower's loan. N.R.S. § 598 D.100(2)(b) (violation to "[]knowing or intentionally make a home loan" contrary to the act). Here, Bank of America did not originate Plaintiff's loan. Sierra Pacific Mortgage Company originated Plaintiff's loan (*See* **Exhibit B**, Deed of Trust). Therefore, this claim fails against Bank of America as Nev. Rev. Stat. §598D is not applicable.

In addition, Plaintiff's ULPA claim is stale. The statute of limitations for a ULPA claim is two years. *See* Nev. Rev. Stat. § 11.190(3)(a); *Freeto v. Litton Loan Serv., L.P.*, 2010 WL 2730596, at *2 (D. Nev. July 6, 2010); *Patterson v. Grimm*, No. 2:10-CV-1292 JCM (RJJ), 2010 WL 4395419, at *3 (D. Nev. Nov. 1, 2010); *Anderson v. Deutsche Bank Nat'l Trust Co.*, No. 2:10-CV-1443 JCM (PAL), 2010 WL 4386958, at *2 (D. Nev. Oct. 29, 2010). Plaintiff signed her loan documents in October 2007, at which point she was in possession of the facts giving rise to the asserted cause of action. (*See* **Exhibit B** at p. 14). She filed her Complaint in June 2011. Her ULPA claim is therefore time-barred.

The Plaintiff's second claim for relief for Deceptive Trade Practices under Chapter 598 of the Nevada Revised Statutes is without merit. Plaintiff alleges that the Bank of America did not have the required foreign collector's license when the foreclosure notices were sent. (*See* **Exhibit A** at ¶ 81). Bank of America did not record any of the foreclosure notices. Even if it did, such activity does not require a business license or a collector's license. *See Huck v. Countrywide Home Loans,*

*Inc.,* 2011 WL 3274041, 2 (D. Nev.)  Finally, as stated above, the initiation of foreclosure proceedings is not an attempt to collect a debt, and therefore, not having a debt collector's license during foreclosure proceedings cannot be a deceptive trade practice. *Huck,* 2011 WL 3274041 at 3.

**C.  Plaintiff cannot state a claim for contractual breach of the implied covenant of good faith and fair dealing.**

As explained in the Motion to Dismiss, Plaintiff cannot show that Bank of America breached the implied covenant of good faith and fair dealing, which was Plaintiff's fourth claim for relief. The Opposition does not address this claim or the arguments raised in the Motion to Dismiss. The Motion to Dismiss Plaintiff's breach of the implied covenant claim should thus be granted pursuant to LR 7-2(d) and for the reasons stated in the Motion to Dismiss. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.").

**D.  Plaintiff's fifth claim, which is alleged under Nev. Rev. Stat. §107.080, et seq., fails.**

**1.  Plaintiff Cannot Prevail on a Wrongful Foreclosure Claim**

As explained in the Motion to Dismiss, Plaintiff's Violation of NRS 107.080 claim, which appears to be a disguised wrongful foreclosure claim, fails because: (1) No sale has taken place, (2) Plaintiff breached the loan agreement, (3) Plaintiff has not complied with the tender rule, (4) an alleged violation of NRS 107.080 does not provide for tort damages, and (5) the foreclosure has been statutorily proper.

**2.  Bank of America Need Not Produce the Note**

In the Opposition, Plaintiff maintains that the Bank of America lacks "standing," seemingly arguing that Plaintiff should have the right to inspect the note. This is not correct. As this District has aptly noted before, "Courts across the country have rejected claims by plaintiffs asserting a duty by the lender to provide the original note under the U.C.C. to prove its holder in due course status." *See Wayne v. Homeq Servicing,* No. 2:08-cv-00781-RCJ-LRL, 2008 WL 4642595, at *3 (D. Nev. Oct. 16, 2008) (citations omitted); *see also Chase v. United Residential Mortg., LLC et al,* Case 3:10-cv-00365-RCJ-RAM (D. Nev. April 25, 2011) (lifting injunction set for mediation and rejecting argument that defendants had to produce the original note as part of mediation).  This

4

District has considered this "show me the note" theory many times—and repeatedly rejected it. A typical discussion of the issue is found in *Kemberling v. Ocwen Loan Serv., LLC*, Case No. 2:09-cv-00567, 2009 WL 5039495 (D. Nev. Dec. 15, 2009):

> Defendants are not required to produce the original loan documents to proceed with non-judicial foreclosure. Courts across the country have rejected claims by plaintiffs asserting a duty by the lender to provide the original note under the U.C.C. to prove its holder in due course status. [Citations] Plaintiff's argument that Defendants' failure to produce the original Note demonstrates they have no legal interest in the property fails.

*Id.* at *3.

This holding has been affirmed in several more recent District of Nevada decisions. *See Joyner v. Bank of Am. Home Loans*, No. 2:09-cv-2406-RCJ-RJJ, at *8 (D. Nev. July 26, 2009); *Aguilar*, 2010 WL 185951, at *2.

In his Opposition, under the heading entitled "Failure to Identify Party to Enforce Note," Plaintiff inserts a multi-page block quote from a recent Nevada Supreme Court opinion, *Leyva v. National Default Servicing Corp.*, 2011 WL 2670183127, Nev., Adv. Op. 40 (July 7, 2011). (*See* Opposition, at pgs. 12-14.) Plaintiff does not apply the quoted language to any facts related to this case, nor does he explain the relation to Bank of America's arguments. Instead, after the block quote, Plaintiff states that "Plaintiffs (before this Court) have not provided the Court or the Defendant with any documents that would establish that they are the 'true holder.'" (*See* Opposition, 14:15-16). Plaintiff goes on to argue that "Plaintiff's [sic] claims regarding lack of standing are reasonable and supported by *Leyva*, supra." (*See* Opposition, 14:20-21).

Plaintiff's apparent reliance on *Leyva* to support his standing argument is misplaced because she does not allege she elected to participate in the Nevada Foreclosure Mediation Program. In *Leyva*, the Supreme Court of Nevada considered whether a party who presented neither a written assignment of a mortgage nor an endorsed promissory note had standing to obtain a foreclosure certificate from the Nevada Foreclosure Mediation Program.[1] *Leyva*, 2011 WL 2670183 at *3-4.

---

[1] The Foreclosure Mediation Program Rules require that a certificate be recorded before a Notice of Sale may be issued.

5

The *Leyva* decision was issued in, and is therefore limited to, the petition for judicial review context. Nothing in the Nevada non-judicial foreclosure statute or the *Leyva* decision requires Bank of America to affirmatively prove its right to foreclose outside of the Nevada Foreclosure Mediation Program.

The trustee, ReconTrust, a non-party to this action, is not required to prove whom it represents or show its right to foreclose. ReconTrust is only required to comply with Nevada foreclosure laws, and it did. As fully set forth in the Motion to Dismiss, the foreclosure process at issue is statutorily proper. The Opposition has not raised any legitimate issue under NEV. REV. STAT. § 107.080.

### 3. Securitization of a Loan Does Not Diminish the Underlying Power of Sale

Plaintiff further argues that the alleged securitization of the loan may invalidate the Deed of Trust. (*See* Opposition, 15:2-3). However, the loan documents do not prohibit securitization of the loan, and there is nothing illegal or improper about securitization. Moreover, similar claims have been consistently rejected by the courts. It is well-established that securitization of a loan does not diminish the underlying power of sale that can be exercised upon the trustor's breach. *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1043 (N.D. Cal. 2009) (argument that power of sale is lost upon sale to a loan pool is "unsupported and incorrect"); *see also Ritter v. Countrywide Home Loans, Inc.*, No. 2:10-cv-624, 2010 WL 2342535, at *1-2 (D. Nev. June 4, 2010) (argument that plaintiff did not know owner of loan due to securitization did not entitle plaintiff to a temporary restraining order); *Joyner v. Bank of Am. Home Loan Servicing, LP*, No. 2:09-cv-2406, 2010 WL 2953969, at *1 (D. Nev. July 26, 2010) (stating that claims relating to securitization arguments have been "addressed on multiple occasions by this Court, weighed and found wanting"). Accordingly, Plaintiff's securitization arguments fail.

Plaintiff also presents a familiar "splitting" argument. (*See* Opposition at pgs 23-26). In particular, she seemingly contends that no party may foreclose on the subject property because the note and deed of trust have allegedly been split. This theory is not persuasive and has been rejected by numerous cases from this District. *See, e.g., Manderville v. Litton Loan Servicing*, No. 2:10-cv-1696, 2011 WL 2149105, at *2-3 (D. Nev. May 31, 2011); *Reyes v. GMAC Mortg., LLC*, No.2:11-

cv-100-JCM (RJJ), 2011 WL 1322775, at *2 (D. Nev. April 5, 2011) (claim that note and deed of trust were "intentionally separated" during securitization did not affect right to foreclose); *Birkland v. Silver State Fin. Servs., Inc.*, No. 2:10-cv-00035-KJD-LRL, 2010 WL 3419372, at *3 (D. Nev. Aug. 25, 2010); *Bukhari v. Lending 1st Mortgage*, No. 2:10-CV-00823-GMN-RJJ, 2010 WL 3168404, at *3 (D. Nev. Aug. 9, 2010).

Plaintiff cites a new decision in support of his standing arguments, *In re Veal*, __ B.R. ___, 2011 WL 2304200 (9th Cir. BAP June 10, 2011). She makes no serious argument based on the case, but rather copies and pastes a long quotation from it into the middle of his papers. *See* Opposition at pages 23-26). This discussion in no way furthers Plaintiff's arguments in this case. In fact, there was no deed of trust at issue in *Veal*. Rather, that case involved a mortgage on real property in Illinois.

The question before the *Veal* Panel was whether a party moving for stay relief in bankruptcy court, and another that filed a proof of claim, had standing to take those actions. Preliminarily, that the case was in bankruptcy court inherently distinguishes it from nonjudicial foreclosure because any party seeking relief from a court must demonstrate its standing to do so. In addition, the *Veal* Panel concluded that the question of standing to seek relief from the automatic stay turned on the right of the party to enforce the mortgage under Illinois law. 2011 WL 2304200, at *12-13. Illinois, a judicial foreclosure state, treats the mortgage as an incident to the debt (which is defined by the note), and so the right to enforce the note is the key issue. *Id.* at *13. Interestingly, the Panel acknowledged that some states may have altered that rule by statute, citing decisions from California—a nonjudicial foreclosure state with a non-judicial foreclosure process similar to Nevada's[2]—as an example of a jurisdiction that does not require a showing of any rights under the note to pursue foreclosure. *See id.* at *13, n.34. *Veal* simply does not support Plaintiff's argument here. The Court should reject the splitting arguments this District has dismissed countless times before.

---

[2] For example, the Panel cites Cal. Civil Code § 2924, which gives the power to initiate foreclosure to the "trustee, mortgagee, beneficiary, or any of their authorized agents." *Veal*, 2011 WL 2304200, at *13, 34. NRS 107.080 gives the equivalent power to the beneficiary, successor-in-interest to the beneficiary, or the trustee. In both cases, the power to foreclose is specifically not limited to the party empowered to enforce the note.

7

### 4. Plaintiff Has Failed to Tender the Amount Due Under the Loan

Plaintiff has not tendered the debt, another ground to dismiss. The tender rule requires plaintiffs who challenge the validity of a foreclosure action to tender the amount due and owing on the secured indebtedness as a prerequisite to maintaining the action.[3] *See Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (Cal. Ct. App. 1996) (appellants required to allege tender of the amount of the secured indebtedness to challenge foreclosure sale); *U.S. Cold Storage of Cal. v. Great W. Sav. & Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (Cal. Ct. App. 1985) (the "law is long-established" that tender of the obligation in full by a trustor is a "prerequisite to challenge of the foreclosure sale"); *Cagle v. Carlson*, 705 P.2d 1343, 1345 (Ariz. Ct. App. 1985). Plaintiff has not offered to tender to the Court or to the Defendants the amounts due and owing on his loan. As a result, he cannot challenge the foreclosure sale and his wrongful foreclosure claim should be dismissed. *See Keen v. Am. Home Mortg. Servicing, Inc.*, 664 F. Supp. 2d 1086, 1100-01 (E.D. Cal. 2009).

Finally, Plaintiff claims that MERS did not have authority to assign the note and/or deed of trust and that any foreclosure where MERS is named as nominee on the deed of trust is wrongful. The United States Court of Appeals for the Ninth Circuit rejected this theory in its recent decision, *Cervantes v. Countrywide Home Loans, Inc.*, 2011 WL 3911031 (C.A.9 (Ariz.), 2011). *Cervantes* affirmed dismissal of a class action lawsuit attacking MERS. In *Cervantes*, plaintiffs alleged that all transfers of the interests in the home loans within the MERS system are invalid because the designation of MERS as a beneficiary is a sham and the system splits the deed of trust from the note, and, thus, no party is in a position to foreclose. *Id.* at *7. As the Ninth Circuit held,

> Even if we were to accept the plaintiffs' premises that MERS is a sham beneficiary and the note is split from the deed, we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose...MERS did not initiate foreclosure: the trustees initiated foreclosure in the name of the lenders. Even if MERS were a sham beneficiary, the lenders would still be entitled to repayment of the loans and would be the proper parties to initiate foreclosure after the plaintiffs defaulted on their loans. The plaintiffs' allegations do not call into question whether the trustees were agents of the lenders. Rather,

---

[3] Although Nevada courts have not explicitly adopted the tender rule, they are likely to adhere to it because it is an outgrowth of the equitable maxim recognized in Nevada that a party seeking equity must do equity, and also because Nevada courts look to California law when Nevada law is silent, *Hiekel v. 268 Ltd.*, 887 F.2d 1089, 1989 (9th Cir. 1989), and California employs the tender rule. Indeed, numerous District Courts in California have dismissed wrongful foreclosure claims because of a plaintiff's failure to tender the loan amount. *See, e.g., Somera v. Indymac Fed. Bank FSB*, Case No. 2:09-cv-01947-FCD-DAD, 2010 WL 761221, at *8-9 (E.D. Cal. Mar. 3, 2010).

>the foreclosures...were initiated by the trustee...on behalf of...the original lender and holder [plaintiffs'] promissory notes...[T]he allegations do not raise any inference that the trustee...lacks the authority to act on behalf of the lender.

*Id.* at * 7.

The Ninth Circuit's decision is consistent with the results reached by many other courts throughout the United States, which have dismissed hundreds of cases setting forth these same claims. There was nothing improper about MERS' role as a nominee and beneficiary under the deed of trust, and none of the documents produced in this matter were fraudulent.

This Court had dismissed many MERS claims prior to the Ninth Circuit's *Cervantes* decision. Cervantes, contrary to Plaintiff's argument, confirms that this Court's pattern of dismissal was and is correct.

E.  **The Sixth Cause of Action to Quiet Title Fails**

Plaintiff's quiet title claim is dependent on the other failed claims and should be dismissed accordingly. Moreover, as explained in the Motion to Dismiss, quiet title is not an appropriate remedy where, as here, Plaintiff admits she encumbered the property. Plaintiff's dislike for the deed of trust she executed does not create an adverse claim that entitles him to an order quieting title. Furthermore, where a defaulting mortgagor or trustor attempts to quiet title against the mortgagee, equity is served by requiring the debtor purporting to quiet title to pay the full amount of the outstanding debt. *See, e.g., Joyner*, 2010 WL 2953969, at *5-6; *Trusty v. Ray*, 249 P.2d 814 (Idaho 1951); *Shimpones v. Stickney*, 28 P.2d 637 (Cal. 1934); *see also Mix v. Sodd*, 126 Cal. App. 3d 386, 390 (1981) (no quiet title action may lie without paying the debt, even if debt is otherwise unenforceable). Plaintiff has not paid or offered to pay the full amount of the outstanding debt on the loan. For these and the reasons set forth in the Motion to Dismiss, this Court should reject Plaintiff's attempt to obtain a windfall from his loan by eliminating the deed of trust. The quiet title cause of action should be dismissed.

F.  **The Fraud Cause of Action Cannot Survive Defendants' Motion to Dismiss.**

Bank of America moved to dismiss Plaintiff's fraud claim because it is time-barred, Bank of America owed no duty of disclosure, and Plaintiff's fraud claim does not meet Rule 9(b)'s pleading standards. The Opposition does not directly address any of these arguments. Bank of America's

1  Motion challenged Plaintiff's failure to plead **which** Defendant committed **what** alleged wrongful
2  act, and **when** and **where** these alleged wrongful acts took place. The Opposition ignores these
3  problems altogether. As set forth in the Motion to Dismiss and pursuant to LR 7-2(d), Bank of
4  America's Motion to Dismiss Plaintiff's fraud claims should be granted. *See* LR 7-2(d) ("The failure
5  of an opposing party to file points and authorities in response to any motion shall constitute a
6  consent to the granting of the motion.").

7  **G.    Plaintiff Does Not Oppose Dismissal of Her Slander of Title or Abuse of Process Claims.**

8  To state a slander of title claim, Plaintiff must show a "false and malicious communication,
9  disparaging to [his] title in land, and causing special damage." *See Exec. Mgmt., Ltd. v. Ticor Title*
10 *Ins. Co.*, 114 Nev. 823, 842, 963 P.2d 465, 478 (1998). As set forth in the Motion to Dismiss, this
11 claim cannot survive dismissal. The Opposition, however, entirely fails to address Bank of
12 America's Motion to Dismiss the slander of title claim.

13 Plaintiff's cause of action is for abuse of process. Again, the Opposition fails to address
14 Bank of America's Motion to Dismiss the abuse of process claim. Accordingly, for the reasons set
15 forth in the Motion to Dismiss and pursuant to LR 7-2(d), Bank of America's Motion to Dismiss
16 Plaintiff's slander of title and abuse of process claims should be granted. *See* LR 7-2(d) ("The failure
17 of an opposing party to file points and authorities in response to any motion shall constitute a
18 consent to the granting of the motion.").

19 **H.    Plaintiff Is Not Entitled to Injunctive or Declaratory Relief**

20 In his Opposition, Plaintiff again requests injunctive and declaratory relief. Plaintiff's
21 requests for injunctive and declaratory relief claims are entirely dependent on Plaintiff's substantive
22 causes of action. Because Plaintiff's claims fail for all of the reasons explained above and in the
23 Motion to Dismiss, Plaintiff's request for declaratory and injunctive relief should likewise be denied.

### III.

### CONCLUSION

26 For the reasons stated above and in the Bank of America's Motion to Dismiss, the Court
27 should dismiss Plaintiff's Complaint in its entirety, with prejudice, and expunge the *lis pendens*
28 recorded in connection with this lawsuit.

DATED this 20th day of September, 2011.

**AKERMAN SENTERFITT LLP**

/s/ Steven G. Shevorski
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
STEVEN G. SHEVORSKI, ESQ.
Nevada Bar No. 8256
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Bank of America, N.A. as successor by merger to*
*BAC Home Loans Servicing, LP,*
*formerly known as Countrywide Home Loans*
*Servicing L.P.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 20th day of September, 2011 and pursuant to Fed. R. Civ. P. 5, I served via CM/ECF and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **DEFENDANT BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**, postage prepaid and addressed to:

RICK LAWTON, ESQ.
1460 Hwy 95A, North #1
Fernley, Nevada 89408
Facsimile: 775-867-2559
Phone Number: 775-867-5599

*Attorney for Plaintiff*

/s/ Debbie Julien
An employee of AKERMAN SENTERFITT LLP