**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PATRICIA ANN LARMER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SIERRA PACIFIC MORTGAGE COMPANY, ) <br> INC.; GREENHEAD INVESTMENTS, INC., ) <br> a California Corporation; THE COOPER ) <br> CASTLE LAW FIRM, LLP, a Nevada Limited ) <br> Liability Company; COUNTRYWIDE HOME ) <br> LOANS SERVICING LP; SHANNON ) <br> WHITE; and DOES 1-25 CORPORATIONS; ) <br> DOES and ROES 1-25 Individuals, ) <br> Partnerships, or anyone claiming any ) <br> interest to the property described in the ) <br> action, ) <br> ) <br> Defendants. ) <br> _____ ) | 3:11-cv-569-RCJ-VPC <br><br> **ORDER** |

Currently before the Court is a motion to dismiss and expunge lis pendens (#7) filed by Defendant Bank of America, N.A. which Defendants Shannon White and the Cooper Castle Law Firm, LLP later joined (collectively "Defendants"). Because the foreclosure process was proper, Defendants' motion to dismiss and expunge lis pendens (#7) is granted.

**BACKGROUND[1]**

---

[1] Defendants have requested judicial notice to be taken of attached copies of relevant publicly recorded documents. (*See* Mot. to Dismiss (#7) at 3 n.2). The Court will take judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

Plaintiff Patricia Ann Larmer is the owner of real property located at 5757 Meadow Park Drive, Sparks, Nevada 89436 (the "Property"). (Compl. (#1-2) at 3). To finance the purchase of the Property, Plaintiff obtained a loan from Sierra Pacific Mortgage Company, Inc. in the amount of $347,900.00, which was secured by a deed of trust executed on October 24, 2007 (the "Deed of Trust"). (Deed of Trust (#7-2) at 2-3). The Deed of Trust listed Sierra Pacific Mortgage Company, Inc. as the lender, Greenhead Investments, Inc. as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee and beneficiary. (*Id.*).

Countrywide Home Loans Servicing LP ("Countrywide") was assigned all beneficial interest under the Deed of Trust by MERS through an assignment executed on March 6, 2009 and recorded on May 19, 2009. (Assignment of Deed of Trust (#7-4)). Countrywide was later known as BAC Home Loans Servicing, LP and subsequently merged into Defendant Bank of America. (Mot. to Dismiss (#7) at 1). The Cooper Castle Law Firm was then substituted as trustee by Countrywide through an instrument executed on March 6, 2009 and recorded on May 19, 2009. (Substitution of Trustee (#7-3)).

At some point prior to May 19, 2009, Plaintiff defaulted on the loan. (Notice of Default (#7-5) at 1-2). On May 19, 2009, the Cooper Castle Law Firm recorded a notice of default and election to sell under deed of trust, which was signed by Defendant Shannon White. (*Id.*). The Cooper Castle Law Firm then recorded notices of trustee's sales on August 28, 2009; June 24, 2010; July 08, 2010; and May 13, 2011. (Notices of Trustee's Sales (##7-6, 7-7, 7-8, 7-9)). Plaintiff filed her complaint on June 9, 2011 claiming nine causes of action, including: (1) debt collection violations under NRS § 649.370; (2) unfair and deceptive trade practices under NRS § 598.0923; (3) unfair lending practices under NRS § 598D.100; (4) violation of the covenant of good faith and fair dealing; (5) violation of NRS § 107.080; (6) quiet title; (7) fraud in the inducement and through omission; (8) slander of title; and (9) abuse of process. (Compl. (#1-2) at 28-58). Plaintiff recorded a lis pendens on the Property the same day she filed her complaint. (Notice of Lis Pendens (#7-1)).

On August 22, 2011, Defendant Bank of America moved to dismiss the complaint for

failure to state a claim and to have the lis pendens expunged. (Mot. to Dismiss (#7)). Defendants Shannon White and the Cooper Castle Law Firm joined Bank of America's motion to dismiss and expunge lis pendens on August 30, 2011. (Joinder (#9)).

**LEGAL STANDARD**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000); *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

Defendants have filed a motion to dismiss all nine causes of action against them for failure to state a claim. (Mot. to Dismiss (#7)). As Plaintiff has failed to state a claim on all of her causes of action, the court grants Defendants' motion to dismiss.

In Plaintiff's first cause of action for debt collection violations under NRS § 649.370, Plaintiff has failed to state a claim because Defendants are not debt collectors as required by the statute. NRS § 649.370 states that a violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., along with all regulations adopted under this Act is a violation of Nevada law. For a defendant to be liable for a violation of the FDCPA, the defendant must be classified as a "debt collector" within the meaning of the Act. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *McCurdy v. Wells Fargo Bank, N.A.*, 2010 WL 4102943, at *3 (D. Nev. 2010). A "debt collector" is defined by the FDCPA as a person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA. *Camacho-Villa v. Great W. Home Loans*, 2011 WL 1103681, at *4 (D. Nev. 2011). Additionally, "the FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.' " *Id.* (quoting *Croce v. Trinity Mortg. Assurance Corp.*, 2009 WL 3172119, at *2 (D. Nev. 2009)). As Defendants here are foreclosing on the Property pursuant to a deed of trust, they do not qualify as "debt collectors" within the meaning of the FDCPA, and consequently neither the FDCPA nor NRS § 649.370 apply.

Plaintiff's second cause of action alleging unfair and deceptive trade practices in violation of NRS § 598.0923 also fails to state a claim. Under the statute, a person engages in a deceptive trade practice when he or she knowingly conducts business without all required state, county or city licenses. NEV. REV. STAT. § 598.0923(1). The statute however explicitly states that the following activities do not constitute doing business in the State of Nevada: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness,

mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. NEV. REV. STAT. 80.015(1)(a), (g)-(h). Because Defendants in this mortgage case are not considered to have been doing business in Nevada, NRS § 598.0923 does not apply and this cause of action is dismissed without leave to amend.

The Court also dismisses Plaintiff's third cause of action for unfair lending practices under NRS § 598D.100 because the statute of limitations has run on this claim. Plaintiff alleges Defendants engaged in unfair lending practices by luring Plaintiff into obtaining the loan based solely on the future equity of the home in violation of § 598D.110. (Compl. (#1-2) at 31-32). An action "upon a statute for a penalty or forfeiture" has a two-year statute of limitations, unless the statute provides otherwise. NEV. REV. STAT. § 11.190(4)(b). The plain language of the statute indicates that it is a statute for a penalty and does not contain its own limitations period, and consequently the statute of limitations period on this claim is two years. *See* NEV. REV. STAT. § 598D.110. As the loan was extended in 2007 and Plaintiff did not file her complaint until 2011, the statute of limitations has run on this claim.

Plaintiff has also failed to state a claim in her fourth cause of action for violation of the covenant of good faith and fair dealing. Nevada law holds that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *A.C. Shaw Constr. v. Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To succeed on a cause of action for breach of the covenant of good faith and fair dealing, a plaintiff must show: (1) the plaintiff and defendant were parties to an agreement; (2) the defendant owed a duty of good faith to the plaintiff; (3) the defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).

Defendants first allegedly violated the covenant of good faith and fair dealing by luring Plaintiff into the initial loan by wrongfully declaring she qualified for the loan. (Compl. (#1-2) at 33). Yet to be actionable, the breach of the covenant must have occurred *after* the

formation of the contract, not *before*. *Crow v. Home Loan Ctr., Inc.*, 2011 WL 3585466, at *3 (D. Nev. 2011). Plaintiff also contends Defendants violated the covenant of good faith and fair dealing by offering Plaintiff consideration for loan modifications, falsely telling her the foreclosures would be postponed. (Compl. (#1-2) at 33-34). Yet Plaintiff provided no information that confirms the existence of a loan modification agreement or contract between the parties. *See Perry*, 900 P.2d at 338 (requiring the plaintiff to show the existence of a contract to state a claim for breach of the covenant of good faith and fair dealing). Finally, Plaintiff argues Defendants violated the covenant of good faith and fair dealing by frustrating the legitimate purposes of the mortgage contract. (Compl. (#1-2) at 34). Foreclosing upon a loan where such foreclosure is permissible by law and the loan agreement does not deprive Plaintiff of any justifiable expectations as she consented to the arrangement.

Plaintiff has also failed to state a claim under her fifth cause of action for violations of NRS § 107.080 because the foreclosure was proper. Countrywide and the Cooper Castle Law Firm had both been properly substituted as the lender and trustee respectively. (Assignment of Deed of Trust (#7-4); Substitution of Trustee (#7-3)). Because Defendants had been properly substituted and Plaintiff was in default, the foreclosure proceedings were not improper. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, at *2 (D. Nev. 2009) (holding that as long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure).

The sixth cause of action for quiet title also fails because Plaintiff is in default and has not alleged she has paid the debt owed. A quiet title action may be brought by a party who claims an adverse interest in the subject property. NEV. REV. STAT. § 40.010. Quiet title actions are equitable in nature and it is generally required that a party that seeks equity must do equity. *Transaero Land & Dev. Co. v. Land Title of Nevada, Inc.*, 842 P.2d 716, 718 (Nev. 1992); *MacDonald v. Krause*, 362 P.2d 724, 727 (Nev. 1961). For the plaintiff to do equity in foreclosure proceedings, it is generally required that the plaintiff tender the undisputed amount due on the note in order to challenge the validity of the foreclosure sale. *Davila v. BAC Home*

6

*Loans Servicing, LP*, 2011 WL 3159146, at *2 (D. Nev. 2011). Quieting title to the property would be inequitable here as Plaintiff has failed to prove any of her other claims in the complaint and because she defaulted on the loan and has failed to allege she has tendered or is willing to tender the amount owed on the debt.

Plaintiff's seventh cause of action for fraud in the inducement and through omission fails because Plaintiff has not alleged any fraudulent statements or omissions concerning the terms of the loan and because Plaintiff has failed to satisfy the strict pleading requirements of Federal Rule of Civil Procedure 9(b). Under Nevada law, a claim of fraud requires the plaintiff to establish each of the following elements: (1) a false representation; (2) knowledge or belief that the representation was false (or knowledge that the defendant's basis for making the representation was insufficient); (3) intent to induce the plaintiff to consent to the contract's formation; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting from such reliance. *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004). Pursuant to Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." To satisfy this standard, a plaintiff must plead "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.' " *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). Defendants here were not parties to the original loan agreement and for this reason Plaintiff has not (and very likely cannot) allege that Defendants made any false statements that induced her to enter into the loan agreement. Additionally, Plaintiff's fraud allegations lack the specificity required by Rule 9(b) because Plaintiff has failed to allege which Defendant committed what alleged fraud, and when and where these fraudulent actions took place. Therefore, Plaintiff has failed to state a claim under her seventh cause of action.

The eighth cause of action for slander of title fails because the statements made by Defendants were not untrue. Plaintiff alleges that Defendants slandered her title by recording the notice of default knowing that they were unauthorized to foreclose and knowing the filed document was defective. (Compl. (#1-2) at 54-56). To succeed on a slander of title claim, the

plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damage." *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998) (quoting *Higgins v. Higgins*, 744 P.2d 530, 531 (Nev. 1987)).  Plaintiff here does not deny she has defaulted under the note, and consequently the notice of default is not a false statement disparaging the title to the Property.

Plaintiff has also failed to state a claim on her ninth and final cause of action for abuse of process because Plaintiff has failed to allege any facts demonstrating that Defendants had an ulterior purpose in foreclosing, and because nonjudicial foreclosures are not considered "process" for the purposes of this tort.  To prevail on a claim of abuse of process, the plaintiff must show that the defendant (1) had an ulterior purpose in bringing legal action other than resolving a legal dispute, and (2) used the legal process in a manner that is not proper in the regular conduct of the proceeding. *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998).  Yet Plaintiff has plead no facts that would show Defendants had any ulterior motive in bringing the foreclosure action.  The record shows that Defendants were legally authorized to foreclose and did so.  Additionally, nonjudicial foreclosures are not the type of "process" the tort of abuse of process was meant to address because by its very definition it does not involve judicial action. *See Barlow v. BNC Mortg., Inc.*, 2011 WL 3841223, at *4 (D. Nev. 2011).  Accordingly, Plaintiff's ninth cause of action lacks merit and is dismissed.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' motion to dismiss and expunge lis pendens (#7) be granted without leave to amend.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 10th day of January, 2012.

_____
United States District Judge